**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Robert W. PALDA, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,**

v.

**Robert W. PALDA, Respondent.**

Civ. No. 10958.

Supreme Court of North Dakota.

March 25, 1986.

---

Vivian E. Berg, Staff Counsel, Bismarck, for petitioner.

Robert W. Palda, Minot, pro se.

GIERKE, Justice.

A number of complaints alleging professional grievances against Robert W. Palda were filed with the Disciplinary Board of this Court in 1982 and 1983. In April 1983, Palda and the Disciplinary Board stipulated that Palda was "physically disabled and unable to practice law," and further stipulated:

"7. That Robert W. Palda has engaged the law firm of Teevens, Johnson, and Montgomery, Minot, North Dakota, to protect the interests of his former clients; that such clients were notified that they could seek other counsel or have that firm represent them; further, that the members of the firm are going through old and possibly closed files in search of matters that might require attention; and that the situation has been discussed with Wallace D. Berning, Presiding Judge of the Northwest Judicial District, but that a formal plan has not yet been submitted to him.

"8. That the parties hereto specifically agree, pursuant to Rule 17(b) of the Disciplinary Procedure Rules, that Robert W. Palda is incapacitated from continuing to practice law, and ask that he be transferred to disability inactive status until such time as his regained capacity is shown to the satisfaction of the North Dakota Supreme Court, whereupon any pending disciplinary matters will be reviewed."

A hearing officer appointed by this Court found that Palda was incapacitated from continuing to practice law, recommended that he be transferred to disability inactive status, and recommended that the complaints filed with the Disciplinary Board be held in abeyance until such time as Palda applies for reinstatement to active status. On May 12, 1983, we ordered that Palda be transferred to disability inactive status pursuant to Rule 17, N.D.R.D.P.

After a hearing on March 12, 1985, a panel of the Disciplinary Board found that Palda rendered legal services for a client in 1983 in violation of this Court's order of May 12, 1983, and that Palda failed to appear in response to an August 1984 subpoena of an inquiry committee. The panel recommended on April 10, 1985:

"That Attorney Robert W. Palda be SUSPENDED for a period of ninety (90) days with such suspension to commence upon his reinstatement, if any, to active status pursuant to Rule 17(f) of the N.D. R.D.P."

Palda did not file exceptions to the findings and recommendation.

On July 9, 1985, Disciplinary Counsel moved the panel to reconsider the recommendation because of the seriousness of the complaints held in abeyance and the seriousness of the violations found by the panel.

On July 15, 1985, Palda filed an application for reinstatement to active status. The Disciplinary Board considered Palda's application and recommended that he be removed from disability inactive status, reinstated to active status, and suspended pending resolution of the complaints held in abeyance. In argument to this Court, Disciplinary Counsel has urged that a 90-day suspension is insufficient and Palda, while stipulating to a 90-day suspension, has urged that he be given credit for the 90 days because of the delay occasioned by Disciplinary Counsel's motion for reconsideration.

■ Our review in attorney disciplinary proceedings is de novo on the record, but we accord due weight to the findings, conclusions and recommendations of the hearing panel. *In the Matter of Maragos*, 285 N.W.2d 541 (N.D.1979).

■ According due weight to the findings and recommendations of the hearing panel and the recommendations of the Disciplinary Board, we are satisfied that Palda's "disability has been removed and he is fit to resume the practice of law." Rule 17(e), N.D.R.D.P. Under the circumstanc-

es presented, we find that there has been substantial compliance with the notice requirements of Rule 14, N.D.R.D.P. We conclude that Palda should be removed from disability inactive status and reinstated to active status.

■ Under the circumstances presented, we believe that suspension for a period of 90 days, commencing with Palda's reinstatement to active status, is an appropriate disciplinary measure to impose for Palda's violation of our order of May 12, 1983, and for his failure to respond to the inquiry committee's subpoena. We also believe that such a suspension will provide Palda and the Disciplinary Board an adequate period of time within which to resolve the complaints held in abeyance while Palda was on disability inactive status.

We decline Palda's request for credit for the 90 days because of the delay occasioned by Disciplinary Counsel's motion for reconsideration. Not all of the delay was due to the motion. Some delay is inherent in the disciplinary process and some delay was occasioned by confusion about the adequacy of Palda's efforts to comply with the notice requirements of Rule 14, N.D.R.D.P.

It is hereby ordered that Robert W. Palda be removed from disability inactive status and reinstated to active status on April 7, 1986, and that he be suspended from the practice of law for a period of 90 days commencing on April 7, 1986. Because it does not appear that Palda has any clients with professional work pending with him, instructions under Rule 10(q), N.D.R.D.P., are unnecessary.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.